DeVore. Appellant, v. Mutual of Omaha Ins. Co., Appellee.

(No. 5116—Decided April 4, 1972.)

Messrs. *Traxler, Malkoff & Shwartz*, for appellant.
Messrs. *Pfau, Comstock & Springer*, for appellee.

Lynch, J. Plaintiff, appellant herein, is appealing the decision of the trial court sustaining the motion of defendant, appellee herein, to dismiss plaintiff's complaint because it failed to state a claim upon which relief could be granted.

Plaintiff's amended complaint is for declaratory judgment on his policy with defendant providing for benefits of $50 per week for loss of time caused by accident or sickness. He alleges that he fell on February 12, 1969, and received benefits from defendant under his policy until May 29, 1969, when plaintiff's condition was diagnosed as progressive disseminated demyelination of the motor nerves

throughout the spinal nervous system with secondary muscle wasting and atrophy due to disuse; that defendant refused to pay further benefits under this policy on the grounds that this condition pre-existed the issuance of the policy and plaintiff had not given a full and complete medical history concerning this condition to defendant; and that plaintiff was unaware of this condition until his condition was diagnosed.

Plaintiff prayed that his rights and benefits under the insurance policy be determined; that the insurance policy be declared to be in full force and effect; that plaintiff be entitled to the benefits payable thereunder; and for such further relief, legal and equitable as may be proper and just.

Defendant contends that plaintiff's complaint is an action for breach of contract requiring a determination of factual issues rather than a question of construction or validity arising under the insurance contract; therefore, plaintiff's amended complaint does not state facts that bring it within the requirements of the declaratory judgment statutes (R. C. Sections 2721.01 through 2721.15).

The original complaint was filed prior to the effective date of the Ohio Rules of Civil Procedure, July 1, 1970. However, the amended complaint was filed subsequent to July 1, 1970, and the Rules of Civil Procedure are applicable to this case.

If the Rules of Civil Procedure were not applicable, we would hold that the existing law permitted the filing of a declaratory judgment action by plaintiff under the facts of this case. It is clear that the declaratory judgment act contemplated cases with factual issues which may be tried to a jury. *Ohio Farmers Indemnity Co.* v. *Chames*, 170 Ohio St. 209; *Allstate Ins. Co.* v. *Boggs*, 27 Ohio St. 2d 216; *Bruckman* v. *Bruckman Co.*, 60 Ohio App. 361; 16 Ohio Jurisprudence 2d 617, Declaratory Judgments, Section 26.

In *Schaefer* v. *First National Bank of Findlay*, 134 Ohio St. 511, the court answered the argument that the constitutional right of a trial by jury under Section 5, Article I of the Ohio Constitution is interferred with in grant-

ing a declaratory judgment on findings of fact by the trial court when an issue is presented that is triable by the jury by holding that R. C. 2721.10 clearly preserves the right of trial by jury in an action for declaratory judgment in all cases in which the right exists.

Rule 57 of the Ohio Rules of Civil Procedure specifically provides that the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate.

Paragraphs (A) and (E) of Rule 8 of the Ohio Rules of Civil Procedure require that sufficient operative facts be concisely set forth in a claim so as to give fair notice of the nature of the action and they permit as many claims for relief, legal or equitable, to which a party may be entitled under the operative facts in the statement of claim. See *Schaefer* v. *First National Bank of Findlay, supra,* at page 520; *Conley* v. *Gibson,* 355 U. S. 41 at 47, 48.

We hold that, under the facts alleged in the amended complaint, plaintiff is entitled to whatever relief he can establish either under Rule 57 on declaratory judgments or under a claim for relief for a breach of contract or under both.

The judgment is reversed and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

O'NEILL, P. J., and JOHNSON, J., concur.