OPINION
Jeffrey L. Bond appeals from summary judgments rendered by the court of common pleas in favor of Helen R. Frank and Tipp Professional Services on Bond's breach of contract claims.
Bond's claims for relief were set out in a complaint that he filed on March 17, 2000. He alleged that he had engaged the professional psychological services of Frank and Tipp Professional Services "on behalf of his minor son, Joshua Eric Bond, for family counseling, being a joint contract with Rhonda K. Beseker, his ex-wife." Bond further alleged that Frank and Tipp Professional Services "were contracted to provide and utilize psychological services to assist his minor son in adjustment disorders of (sic) current court-ordered visitation and bring said minor son into compliance."
Pleading a breach of the duties they allegedly owed him, Bond alleged that "Defendants have compromised their professional contract with plaintiff by meetings with his minor son and by gathering one-sided limited information and then interjecting their personal bias and beliefs on the record against the compliance (sic) of court-ordered visitation." He also alleged a violation of R.C. 3109.051(C). Bond added:
 "Plaintiff states further defendants' professional actions are in controversy and have created the direct opposite effect of the interpretation of the psychological service contract. This has resulted in severe damage to plaintiff and minor son's father-son relationship, visitation, and companionship, leaving plaintiff to endure undue hardship and economic loss."
In his prayer for relief, Bond asked the court to award him monetary damages of $333,000, to order Frank and Tipp Professional Services to cease and desist from providing professional services for his son, and such other relief as the court deems proper.
On April 17, 2000, the named Defendants each filed answers, and Tipp Professional Services filed a motion to dismiss. The court subsequently converted the motion to dismiss to a motion for summary judgment. Frank filed a separate motion for summary judgment. In due course, the court rendered separate summary judgments in favor of both Defendants.
The court found that Tipp Professional Services is a corporation owned by Frank and a partner, and that it merely held title to the building in which their offices were located and provided clerical support services for their practices. On that basis, the court concluded, Bond could not show that Tipp Professional Services owed him or his son any duty which was breached by the conduct on Frank's part that Bond alleged in his complaint.
The court found that Bond's allegations against Frank, while pleaded as a breach of contract, nevertheless sounded in tort and were for malpractice. For that reason, and because Bond lacked a qualified expert who was competent to testify what the relevant standard of good practice is, Bond could not prove a breach of the duty of care that Frank owed him. The court also held that R.C. 3109.051 afforded no private relief by way of a civil action for its violation.
Bond filed a timely notice of appeal. His appellate brief sets out fourteen separate assignments of error. Many of them overlap, while some plead issues of law and fact instead of issues of law, to which our review is limited. App.R. 2. Therefore, we shall summarize the issues Bond presents through the arguments he has made.
Bond's principal complaint concerns the trial court's determination that his claims for relief sound in tort, for malpractice, not in contract, as they were alleged and set up in his complaint. From that determination, the court proceeded to find that Bond could not prove his malpractice claims because he lacked the expert testimony necessary to prove them.
The nature of any claim for relief on which an action is brought is not determined by the characterizations which the pleader attaches to his claims in his complaint. Rather, the nature of the action is determined from the breaches of duty alleged, from which the alleged damages flow and for which damages are prayed.
A duty enforceable in law is one which arises out of the relationship between the parties involved. A contract is a private agreement that imposes on the parties the specific duties to which each has expressly agreed to perform. Failure to perform a duty thus owed may be a breach of the contract, for which the other party is entitled to damages or specific performance.
Some duties do not arise from private agreement but are instead imposed by law. That form of
 "duty" is an obligation imposed by law on one person to act for the benefit of another person due to the relationship between them. When risks and dangers inherent in the relationship or incident to it may be avoided by the obligor's exercise of care, an obligor who fails to do so will be liable to the other person for injuries proximately resulting from those risks and dangers if the injuries were reasonably foreseeable. In negligence cases the duty is always the same: to conform to the legal standard of reasonable conduct in the light of apparent risk. What a defendant must do, or must not do, is a question of the standard of conduct reasonably required to satisfy the defendant's duty. See Prosser Keeton on Torts (5 Ed. 1984) 356, Section 53.
 In general, a standard of "reasonable" conduct implies a minimum standard of care. But, if a condition by its nature requires the application of knowledge and skill superior to that of the ordinary person, one who possesses that superior knowledge and skill and who fails to employ it for the benefit of another when their relation requires it will be held liable for injuries proximately resulting from that failure.
 Such persons must use the care and skill reasonable in the light of their superior learning and experience, not simply a minimum standard of care. For those persons the relevant standard of conduct is "good practice." See id. at 185, 189, Section 32.
Berdyck v. Shinde (1993), 66 Ohio St.3d 573, 578-579.
A breach of a duty of good practice on the part of one who owes that form of duty is termed "malpractice." A party alleging malpractice must prove the relevant "good practice" standard of conduct which the defendant allegedly failed to satisfy. When lay persons who make up a jury are unacquainted with what the relevant standard of conduct is, the testimony of a witness qualified by specialized knowledge, skill, experience, training, or education to know that standard of conduct is required to prove it. Such persons must satisfy the requirements of Evid.R. 702.
A complaint alleging a claim for relief must contain a short and plain statement of the claim showing that the party is entitled to relief. Civ.R. 8(A). Further, each such averment must be simple, concise, and direct. Civ.R. 8(E). Those provisions require that sufficient operative facts be concisely set forth in a claim so as to give fair notice of the nature of the action. DeVore v. Mutual of Omaha Ins. Co. (1972),32 Ohio App.2d 36. Operative facts are those facts of the incidents or transactions out of which a claim for relief arises. Klein/Darling, Civil Practice, Section AT8-1.
Bond's complaint alleges that he entered into a contract with Frank for his son's diagnosis and treatment. It further alleges acts or omissions by Frank which, Bond claims, are a breach of their contract. However, Bond fails to allege any duty or duties which Frank promised to perform which her alleged acts or omissions have breached. That failure undermines his breach of contract claim, a defect which cannot be cured merely by alleging in a conclusory way that Frank breached their contract.
The operative facts of Bond's complaint, if they allege any form of breach, allege a breach of Frank's duty of good practice. And, as the trial court correctly found, that is a claim for malpractice that sounds in tort, not in contract. Therefore, the requirements which govern malpractice claims apply to it.
In claims of medical malpractice, only a person qualified by training and experience is competent to offer an opinion of the issue of liability. Evid.R. 601(D). We have held that a plaintiff's lack of such evidence entitles a defendant in a medical malpractice action to summary judgment upon motion. Wurts v. Gregg (Jan. 28, 2000), Montgomery App. No. 17682, unreported. Because other malpractice claims are not subject to the competency requirements of Evid.R. 601(D), summary judgment on the same grounds is not likewise warranted. Some more complete presentation of evidence at trial may be necessary before that conclusion can be reached.
The trial court stated that because "matter of pediatric psychology are not within the common understanding and knowledge of the ordinary lay person," . . . "To establish his care, the plaintiff will need to present expert testimony establishing the standard of practice within the field of psychology, which he alleges Defendant Frank has breached." (Decision, p. 2). The trial court found that Bond's own readings and education were not adequate to qualify him to offer an opinion in that regard, and that his "[f]ailure to identify and present matters of an evidentiary substance establishing a standard of practice that was breached, are fatal to plaintiff's complaint in this case." (Decision, p. 3).
The trial court's appreciation of the weaknesses in Bond's proof is probably an accurate forecast of the likely outcome of a Civ.R. 50 motion for directed verdict that Frank might make at trial after Bond has presented his evidence. However, a more conclusive demonstration is required for summary judgment, at least as to the particular matters on which the trial court focused. Nevertheless, we believe that the court was correct when it granted the motion for summary judgment that Frank filed.
In moving for summary judgment, Frank argued, inter alia, that Bond's complaint failed to state a claim on which relief may be granted. That claim was stated as an affirmative defense in Frank's answer to Bond's complaint. Per Civ.R. 56(B), Frank was permitted to move for summary judgment on that defense.
A claim that a pleader has failed to state a claim upon which relief may be granted asserts that the pleader has failed to plead the operative grounds creating a claim. Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190. That is the case here. Nowhere in his pleading does Bond set out how Frank's alleged acts or omissions breach any duty imposed on her by law. Neither does he plead any grounds for fraud, which he now also argues, and which Civ.R. 9(B) requires must be pleaded "with particularity." Those failures are fatal to his claim, notwithstanding the fact that the operative facts he did plead might portray a relationship out of which a malpractice claim could grow.
However, that prospect can't save his claim for breach of contract, which is deficient in its pleading. That deficiency confuses the burdens of proof Bond is required to meet to prove his claim, and it denies Frank the notice to which she is entitled of what she must defend against. Therefore, the trial court was correct when it granted Frank's motion.
Bond also argues that the trial court abused its discretion when it converted Tipp Professional Services Civ.R. 12(B)(6) motion to dismiss to a Civ.R. 56(C) motion for summary judgment. The court is required by Civ.R. 12(B) to do that when the motion "presents matters outside the pleadings." Id.
Tipp Professional Services had argued that it had no legal relationship with Frank, such as one of employer/employee, that would create any liability in Tipp Professional Services for Frank's acts or omissions in the respects alleged in Bond's complaint. That presents issues outside the pleadings. The court was required by Civ.R. 12(B) to convert the motion as it did.
Bond also argues that the trial court erred when it failed to rule on charges in contempt that Bond had filed. We believe that the court implicitly denied Bond's claims when it entered judgment for both Defendants.
Bond also argues that the trial court erred when it dismissed his claim alleging that Frank had violated R.C. 3109.051(C). That section provides that, when it determines visitation rights, the court may interview the child in chambers. It further provides: "No person shall obtain or attempt to obtain from a child a written or recorded statement or affidavit setting forth the wishes or concerns of the child regarding those visitation matters," and that the court "shall not accept or consider a written or recorded statement or affidavit that purports to set forth the child's wishes or concerns regarding those visitation matters."
Division (H)(1) of R.C. 3109.081, which may also be implicated here, permits a child's non-residential parent to have access to any record concerning the child to which the residential parent has access. It imposes an access requirement on the keeper of the record, and provides that any keeper's failure to comply with a court order requiring access "is in contempt of court."
Bond's claims concerning R.C. 3109.051 relate, as do his other claims, to Frank's conduct in connection with a visitation dispute before the domestic relations division of the Franklin County court of common pleas arising out of a divorce proceeding between Bond and his former wife. Any right that R.C. 3109.051 confers on Bond must be vindicated in its deprivation in that proceeding, not in a separate civil action such as this. To do that, the statute must create a right of relief, which it does not do. Therefore, the trial court properly rejected Bond's claims for relief in that regard brought in this action.
We have carefully reviewed Bond's claims and arguments, all of which are related in one way or another to the major issues discussed above. On the basis of that review, we are satisfied that the trial court did not err when it granted summary judgments to the Defendants on their motion. Therefore, and for the foregoing reasons, the judgment of the trial court will be affirmed.
WOLFF, P.J. and YOUNG, J., concur.