OPINION
Plaintiff, Erin Welch, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion to dismiss of defendant, Finlay Fine Jewelry Corporation. Plaintiff's single assignment of error states:
 The Trial Court Improperly Granted Defendant's Motion To Dismiss.
On December 7, 2000, plaintiff filed a complaint alleging three claims for relief: promissory estoppel, unsafe work environment in violation of R.C. 4101.11, and wrongful discharge in violation of Ohio public policy (based upon the alleged violation of R.C. 4101.11), all arising out of defendant's termination of plaintiff's employment after a theft of jewelry occurred while she was working as a sales associate for defendant.
According to the allegations of the complaint, plaintiff worked for defendant as a sales associate for approximately four years, most recently at the Lazarus store in the Tuttle Crossing shopping mall. Daniel Levine and Julie Wright had management responsibilities for the jewelry department. Ms. Wright directly supervised plaintiff.
On May 3, 2000, plaintiff completed the night count of the understock which was housed in the main safe under the counter. Plaintiff closed the undercounter safe and cabinet doors and began assisting customers. At approximately 9:05 p.m., plaintiff noticed that several plastic tubs of jewelry were missing from the undercounter safe. Plaintiff notified the police, who subsequently located the empty tubs in the parking lot of the mall.
Pursuant to Mr. Levine's request, defendant provided a written statement recounting the events of May 3, 2000. On May 5, 2000, Mr. Levine telephoned plaintiff and informed her that she was terminated from her employment for violating a company policy against leaving the undercounter safe unlocked during working hours.
In her complaint, plaintiff alleged that she was wrongfully discharged for violating company policy because neither Mr. Levine nor Ms. Wright required sales associates to lock the undercounter safe during working hours. Plaintiff alleged that defendant's "policies and procedures" permitted sales associates to either lock the undercounter safe or close the doors to the cabinet in which the safe was housed. Plaintiff alleged that she did not stray from company policy without direction from her supervisors and that she relied to her detriment on representations and instructions from Mr. Levine and Ms. Wright and was terminated for doing so.
On February 20, 2001, defendant filed a motion to dismiss plaintiff's complaint pursuant to Civ.R. 12(B)(6) on the grounds that plaintiff was an at-will employee subject to discharge for any reason. Plaintiff responded with a memorandum in opposition on March 8, 2001, in which she also requested leave to amend her complaint. On April 3, 2001, the trial court rendered its final judgment wherein it granted defendant's motion to dismiss and denied plaintiff's request for leave to amend her complaint.
By her assignment of error, plaintiff contends that the trial court erred in granting defendant's motion to dismiss her complaint. Initially, we note that we address only plaintiff's contentions regarding the dismissal of her promissory estoppel claim, as she has failed to assign as error the trial court's dismissal of the other two counts alleged in the complaint. App.R. 12(A)(2).
Plaintiff contends that her complaint sets forth a cause of action in promissory estoppel sufficient to withstand a motion to dismiss under Civ.R. 12(B)(6). In reviewing a trial court's judgment granting a Civ.R. 12(B)(6) motion to dismiss, an appellate court must independently review the complaint to determine if dismissal was appropriate, as decisions on such motions are not findings of fact, but are conclusions of law. State ex rel. Drake v. Athens Co. Bd. of Elections (1988),39 Ohio St.3d 40, 41. Accordingly, an appellate court need not defer to the trial court's decision. In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted into a motion for summary judgment under Civ.R. 56. State ex rel. Baran v. Fuerst (1990), 55 Ohio St.3d 94, 97.
In determining a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1989), 40 Ohio St.3d 190, 192. In order to grant a Civ.R. 12(B)(6) motion, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [her] to recover." O'Brien v. University Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, syllabus. While a court must accept as true the allegations in the complaint, it need not presume the truth of conclusions unsupported by factual allegations. Schulman v. City of Cleveland (1972), 30 Ohio St.2d 196, 198.
In Ohio, an employment relationship with no fixed duration is deemed to be at will, which means that the employee is free to seek employment elsewhere, and the employer may terminate the employment relationship at any time, even without cause. Hanly v. Riverside Methodist Hospitals (1991), 78 Ohio App.3d 73, 77, citing Henkel v. Educational Research Council (1976), 45 Ohio St.2d 249. The Supreme Court of Ohio has, however, recognized two exceptions to the employment-at-will doctrine: the existence of implied or express provisions that alter the terms of discharge and, pertinent to the instant matter, the existence of promissory estoppel where representations or promises have been made to an employee. Wright v. Honda of Am. Mfg., Inc. (1995), 73 Ohio St.3d 571,574. In Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, the Supreme Court of Ohio articulated the elements of a claim for promissory estoppel, stating, at paragraph three of the syllabus, as follows:
 The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee.
In addition, "[a] promise of future benefits or opportunities without a specific promise of continued employment does not support a promissory estoppel exception to the employment-at-will doctrine." Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph two of the syllabus.
In reviewing the complaint at issue, this court is aware that the Ohio Rules of Civil Procedure require "notice pleading" rather than "fact pleading." Salamon v. Taft Broadcasting Co. (1984), 16 Ohio App.3d 336,338. "Notice pleading" under Civ.R. 8(A) and 8(E)[1] requires that a claim concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action." DeVore v. Mut. Of Omaha (1972), 32 Ohio App.2d 36, 38. This court is also mindful that a plaintiff is not ordinarily required to allege every fact in her complaint that she intends to prove, as such facts may not be available until after discovery is conducted. York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 144-145. However, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be on the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." (Emphasis sic.) Fancher v. Fancher (1982), 8 Ohio App.3d 79, 83. See, also, Killilea v. Sears, Roebuck 
Co. (1985), 27 Ohio App.3d 163, 165.
Even under the liberal standard of notice pleading, and taking the facts of the complaint as true and construing them in plaintiff's favor, we find that plaintiff's complaint fails to allege either a promise of continued employment or state any facts from which it could be inferred that such a promise was made. Plaintiff does not advance that she had anything other than an at-will employment relationship with defendant, nor does she allege that defendant made explicit representations of continued employment. Specifically, plaintiff does not allege that she was told by her supervisors that if she followed their instructions with regard to security issues, her employment would be secure. Plaintiff alleges only that she did not stray from any of defendant's policies and procedures without directions to do so from her supervisors and that she relied to her detriment on representations and directions from her supervisors. Plaintiff appears to contend that she believed her job to be secure because she performed her duties in a competent manner and followed the instructions given to her by her supervisors. In support of this subjective belief, plaintiff relies upon defendant's employee handbook, which plaintiff alleges lists insubordination as a terminable offense. Plaintiff posits that if an employee's failure to follow a supervisor's instructions can result in termination of employment, an employee's compliance with instructions given by a supervisor is an implicit promise of continued employment. We do not agree.
Ohio law is clear that for an employer's representations to alter an at-will relationship, the representations must concern and limit the employer's right to discharge the employee. Mers, supra. Here, plaintiff does not allege that she was specifically promised continued employment if she followed her supervisors' directions, either via the employee handbook or via statements from her supervisors. Plaintiff's subjective belief that if she obeyed her supervisors' order she would be ensured continued employment cannot be a substitute for allegations of a specific promise of continued employment by the employer. As noted by the trial court, "[t]o give merit to [plaintiff's] argument would result in an erosion of the employment-at-will doctrine. Obviously, all employees believe that if they obey their supervisors, then they will not be discharged. However, such a belief is not sufficient to create an exception to an employment-at-will relationship." (Decision and Entry at 5.)
Furthermore, we find plaintiff's reliance upon Wright, supra, to be misplaced. Wright concerned a breach of implied contract claim by an employee who was terminated from employment because her employer discovered that her half-brother also worked for the employer contrary to the employer's antinepotism policy. However, throughout the employee's seven-year period of employment, the employer made oral and written statements, some general and some specific, regarding the antinepotism policy and the terms of her employment. In addition, the employer knowingly employed other sets of relatives, and its employee handbook specifically provided for transfer rather than termination for violation of the antinepotism policy. Moreover, on several occasions, management employees told the employee not be concerned about the situation.
Contrary to plaintiff's argument, Wright does not compel reversal of the trial court's judgment in this case. The instant case does not involve similar facts. As noted previously, plaintiff does not allege that defendant made any specific statements at any time that would transform her employment relationship into something other than at will.
Finally, plaintiff contends that the trial court erred in refusing to grant leave to amend her complaint. In the last paragraph of plaintiff's memorandum contra defendant's motion to dismiss, plaintiff stated that "[i]n the event that this Court finds Plaintiff's Complaint insufficient on its face, Plaintiff respectfully requests that this Court allow Plaintiff the opportunity to amend the Complaint under Ohio Civil Procedure Rule 15(A)." (Memo contra at 12.) In denying plaintiff's request, the trial court first stated that plaintiff's request had not been "properly presented" because plaintiff inserted her request within her memorandum contra and did not "separately [move] to amend her Complaint in accordance with the Civil Rules." The court further stated that even if plaintiff "filed a proper motion * * * any amendment would be futile since the facts surrounding her termination simply do not support the claims for which she seeks relief." (Decision and Entry at 9.)
Civ.R. 15(A) provides that "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served." A motion to dismiss is not a responsive pleading as contemplated by Civ.R. 15(A). Stein v. Jacobson (Aug. 30, 1994), Franklin App. No. 94APE02-171, unreported, citing Steiner v. Steiner (1993),85 Ohio App.3d 513, 519. Accordingly, it was unnecessary for plaintiff to file a motion for leave to amend her complaint because defendant had not yet filed a responsive pleading. Because no responsive pleading had been filed by defendant, the trial court erred in failing to permit plaintiff to amend her complaint as of right.
We find the trial court's error harmless, however, because we agree with the trial court that any amendment to plaintiff's complaint would be futile. Plaintiff has not argued before this court, and did not argue before the trial court, that an amendment to her complaint would allege the missing element of her claim, i.e., that defendant promised her continued employment. Rather, plaintiff's position remains unchanged on appeal, i.e., she continues to argue only that she was told that she could leave the safe unlocked during working hours, that she did so, and that she was terminated anyway. Indeed, plaintiff reiterates her position that her compliance with the policies and procedures contained in defendant's employee handbook, including adherence to the directions of her supervisors, constituted an implicit promise of continued employment. Such allegations already appear in the complaint and, as previously noted, are insufficient to state a claim under the promissory estoppel exception to the employment-at-will doctrine as a matter of law.
For the foregoing reasons, the trial court did not err in granting defendant's motion to dismiss as to plaintiff's promissory estoppel claim. Accordingly, plaintiff's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
DESHLER and McCORMAC, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Civ.R. 8(A) provides, in pertinent part, that a complaint need only contain "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Civ.R. 8(E)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."