[Cite as *Gemperline v. Franano*, 2021-Ohio-2394.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


MICHAEL L. GEMPERLINE

    Plaintiff-Appellant

-vs-

DOMENICO FRANANO, et al.

    Defendants-Appellees

JUDGES:
Hon. Craig R. Baldwin, P. J.
Hon. W. Scott Gwin, J.
Hon. John W. Wise, J.

Case No. 21 CAE 01 0002

O P I N I O N


CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common Pleas, Case No. 20 CV H 03 0166

JUDGMENT:     Affirmed in Part; Reversed in Part and Remanded

DATE OF JUDGMENT ENTRY:     July 14, 2021


APPEARANCES:

For Plaintiff-Appellant

JOSHUA J. BROWN
CASSONE LAW OFFICES, LLC
5086 North High Street
Suite A
Columbus, Ohio 43214

For Defendant-Appellee Franano

BRIAN L. WILDERMUTH
SUBASHI, WILDERMUTH & JUSTICE
THE GREENE TOWN CENTER
50 Chestnut Street, Suite 230
Dayton, Ohio 45440

For Defendant-Appellee Slavik

MARK HOWARD GAMS
GALLAGHER GAMS TALLAN BARNES
 & LITTRELL
471 East Broad Street, 19th Floor
Columbus, Ohio 43215-3872

For Defendant-Appellee Mount

C. JOSEPH McCULLOUGH
WHITE, GETGEY and MEYER CO., LPA
7587 Central Park Boulevard, Suite B
Mason, Ohio  45040

For Defendant-Appellee Johnson

DAVID W ORLANDINI
COLLINS, ROCHE, UTLEY & GARNER
655 Metro Place South, Suite 200
Dublin, Ohio  43017

For Defendant-Appellee Daly
JOSHUA R. BILLS
NICHOLAS S. BOBB
PELINI, CAMPBELL & WILLIAMS, LLC
5880 Innovation Drive
Dublin, Ohio  43016

For Defendant-Appellee Houk

TERRENCE J. KENNEALLY
SEAN M. KENNEALLY
LAW OFFICES OF TERRENCE J.
KENNEALLY & ASSOCIATES CO.
River Terrace Building
19111 Detroit Road, Suite 200
Rocky River, Ohio  44116

For Defendant-Appellee Miceli

GARY G. YASHKO
LAW OFFICE OF GARY G. YASHKO, LLC
611 Gradall Court
Powell, Ohio  43065

*Wise, J.*

**{¶1}** Appellant Michael Gemperline appeals from the December 15, 2020 Judgment Entry by the Delaware County Court of Common Pleas. Appellees are Domenico Franano, Kerry Daly, William Houk, Gary R. Johnson, Susan Miceli, and Rebecca Mount. The relevant facts leading to this appeal are as follows.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** On January 1, 2018, Appellant took office as a Trustee for Liberty Township.

**{¶3}** In October of 2018, Appellant voted to request an EMS proposal from Delaware County to replace the township EMS.

**{¶4}** In 2019, Appellees, which opposed the plan, gathered signatures for a petition to remove him from office allegedly making statements that Appellant wanted to replace Liberty Township EMS with Delaware County services, that "Liberty Township EMS will be harmed," and "people will die" because of Appellant's plan.

**{¶5}** On July 2, 2019, pursuant to R.C. 3.07 and 3.08, a removal complaint was filed in the Delaware County Court of Common Pleas. The complaint alleges that Appellant was in favor of replacing Liberty Township EMS with Delaware County EMS. Appellant denies this was his plan, and that another Trustee, Shyra Eichhorn, falsely attributed this plan to Appellant.

**{¶6}** In August of 2019, Appellees' removal complaint was voluntarily dismissed via stipulation.

**{¶7}** On March 30, 2020, Appellant filed a complaint in the Delaware County Common Pleas Court against Appellees.

{¶8}  On September 18, 2020, Appellant filed an amended complaint alleging: abuse of process, intentional infliction of emotional distress, and defamation.

{¶9}  On October 1, 2020, Appellees filed a Motion to Dismiss the Amended Complaint. Appellant did not file a motion in opposition.

{¶10}  On December 15, 2020, the trial court issued a Judgment Entry granting Appellee's Motion to Dismiss.

## ASSIGNMENT OF ERROR

{¶11}  On January 4, 2021, Appellant filed a notice of appeal raising the following three Assignments of Error:

{¶12}  "I. THE TRIAL COURT ERRED BY GRANTING A 12(b)(1)[sic] MOTION TO DISMISS TO DEFENDANT-APPELLEES [sic] ON THE GROUND THAT THE PLAINTIFF-APPELLANT'S COMPLAINT FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ON COUNT 1: ABUSE OF PROCESS.

{¶13}  "II. THE TRIAL COURT ERRED BY GRANTING A 12(b)(1)[sic] MOTION TO DISMISS TO DEFENDANT-APPELLEES [sic] ON THE GROUND THAT THE PLAINTIFF-APPELLANT'S COMPLAINT FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ON COUNT 2: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

{¶14}  "III. THE TRIAL COURT ERRED BY GRANTING A 12(b)(1)[sic] MOTION TO DISMISS TO DEFENDANT-APPELLEES [sic] ON THE GROUND THAT THE PLAINTIFF-APPELLANT'S COMPLAINT FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ON COUNT 3: DEFAMATION."

### a. *Noerr-Pennington* **doctrine**

**{¶15}** As the trial court mentioned the *Noerr-Pennington* doctrine may apply in this situation, they specifically did not decide that issue. Therefore, we will not rule on the applicability of the *Noerr-Pennington* doctrine to the case at bar until the trial court has considered it.

### b. Standard of Review

**{¶16}** This Court reviews judgments on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted under a de novo standard. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 229, 551 N.E.2d 981; *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). In considering a motion to dismiss, a trial court may not rely on allegations or evidence outside of the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Rather, the trial court may review only the complaint and may dismiss the case only if it appears beyond a doubt the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. Unsupported conclusions of a complaint are not sufficient to withstand a motion to dismiss. *Schulman v. Cleveland* (1972), 30 Ohio St.2d 196, 198, 59 O.O.2d 196, 197, 283 N.E.2d 175, 176.

**I.**

**{¶17}** In Appellant's First Assignment of error, Appellant argues that the trial court erred by granting Appellees' 12(b)(6) Motion to Dismiss on Appellant's abuse of process claim. We agree.

**{¶18}** In order to assert a claim of abuse of process a plaintiff must allege the following:

(1) [A] legal proceeding has been set in motion in proper form and with probable cause;

(2) [T]he proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and

(3) [D]irect damage has resulted from the wrongful use of process.

*Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.* (1994), 68 Ohio St.3d 294, 298, 626 N.E.2d 115.

**{¶19}** Simply, abuse of process occurs where someone attempts to achieve through the use of the court that which the court is itself powerless to order." *Robb v. Chagrin Lagoons Yacht Club* (1996), 75 Ohio St.3d 264, 271, 662 N.E.2d 9. "In an abuse of process case, 'the improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.'" *Id.* "Abuse of process does not lie for the wrongful bringing of an action, but for the improper use, or 'abuse,' of process." *Clermont Environmental Reclamation Co. v. Hancock,* 16 Ohio App.3d 9, 11, 474 N.E.2d 357 (12[th] Dist. 1984).

{¶20} It is undisputed in this case that the legal action initiated by Appellees was brought in proper form and with probable cause. However, on appeal, Appellant asserts that the trial court erred by dismissing the amended complaint for failing to state a claim upon which relief can be granted. In support, Appellant argues in the Amended Complaint the proceeding was brought to damage Appellant in terms of his finances, morale, and reputation, to do maximum damage to Appellant during an upcoming election, and intimidating Appellant to becoming a political ally. "[O]n appeal, we must analyze whether the complaint sets forth sufficient facts to demonstrate that Appellees initiated legal action in this case in order to 'accomplish an ulterior purpose for which [the action] was not designed.'" *Sullivan v. Tuschman*, 6th Dist. Lucas No. L-06-1373, 2007-Ohio-3569, ¶13 quoting *Yaklevich*, *supra*.

{¶21} In the case *sub judice*, the trial court ruled Appellant's Amended Complaint fails as a matter of law for two reasons. First, the trial court held the Appellant failed to allege a further act in the use of the process not proper in the regular conduct of the proceeding as required by *Hubbard v. AASE Sales, LLC*. In *Hubbard*, this Court found that "there was no evidence of 'a further act in the use of process not proper in the regular conduct of the proceeding." *Hubbard v. AASE Sales, LLC*, 5th Dist. No. 17CAE070051, 2018-Ohio-2363, 104 N.E.3d 1027, ¶38 quoting *Clermont Environmental Reclamation*, *supra*, at 11, 474 N.E.2d 357. However, *Hubbard* can be distinguished from the case at bar. In *Hubbard*, the plaintiff appealed a directed verdict. *Id*. In the case *sub judice*, Appellant is appealing a Civ.R. 12(B)(6) motion to dismiss for failing to state a claim upon which relief can be granted. The difference between a directed verdict motion and a Civ.R. 12(B)(6) motion is procedural. *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 95,

551 N.E.2d 172, 174 (1990). A Civ.R. 12(B)(6) is made, heard, and ruled on before the trial begins. *Id.* A motion for a directed verdict motion is made at trial after the evidence has been admitted. *Id.* In the case *sub judice*, Appellant has not had an opportunity to submit evidence of "a further act in the use of process not proper in the regular conduct of the proceeding." *Hubbard* at ¶38. Appellant has many discovery options for exposing the precise facts upon which allegations in the complaint are based and, if the pleadings are indeed a sham, Appellees may move for summary judgment pursuant to Civ.R. 56. *Clermont Environmental Reclamation* at 13. Though evidence of a further act in the use of process not proper in the regular conduct of the proceeding is necessary to prove the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed, to survive a Civ.R. 12(B)(6) motion to dismiss a plaintiff need not allege how the process was abused in detail. *Clermont Environmental Reclamation* at 12.

{¶22} The trial court also ruled the abuse of process failed because Appellant did not provide allegations beyond mere "labels and conclusions" as required by *Fink v. Twentieth Century Homes, Inc.*, 8th Dist. Cuyahoga No. 94519, 2010-Ohio-5486, ¶24. "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. We have previously held:

> Under the notice pleadings requirements of Civ.R. 8(A)(1), the plaintiff only needs to plead sufficient, operative facts to support recovery under his claims. *Doe v. Robinson*, 6th Dist. No. 1-07-1051, 2007-Ohio-5746, 2007 WL 3120279, ¶17. Nevertheless, to constitute fair notice, the complaint must still allege sufficient underlying facts that relate to and

support the alleged claim, and may not simply state legal conclusions. *See DeVore v. Mut. of Omaha Ins. Co.*, 32 Ohio App.2d 36, 38, 288 N.E.2d 202 (7th Dist. 1972).

*Grossniklaus v. Waltman*, 5th Dist. Holmes No. 09CA15, 2010-Ohio-2937, ¶26.

**{¶23}** However, in the case *sub judice*, Appellant alleges the elements of abuse of process and specific facts which constituted those elements. Appellant's Amended Complaint, which attempted to lay out an abuse-of-process claim against Appellees, contained the following pertinent allegations:

22. Defendants were unhappy that Gemperline would not become a political ally of theirs and that he continued to resist their political goals. Therefore, Defendants conspired, around this time, to do lifelong reputational damage to Gemperline.

…

24. Defendants consulted with a prominent law firm in Columbus, Ohio to determine whether Gemperline would have to personally pay to defend himself in such an action, or whether such an action would be covered by Liberty Township's liability insurance. This is because defendants were seeking to damage Plaintiff Gemperline financially. They did not intend to go forward with the Section 3.07 action unless Gemperline had to pay for his own defense. Defendants hoped to bankrupt and abuse Gemperline by imposing a legal cost on Gemperline that he could not bear.

…

28. The Defendants' effort culminated on July 2, 2019, when the Complaint, with the petitions attached, was filed in the Delaware County Court of Common Pleas for Forfeiture of and Removal from office (hereinafter "Removal Complaint") of Michael Gemperline. Case 19 CV H 07 0369. Visiting Judge Guy Reece was assigned to the case.

…

31. Defendant Committee members exercised a malicious intent in filing the untrue and malicious claims and using this filing as a weapon to damage Gemperline in terms of his finances, morale, and reputation.

…

33. The filing of the Complaint was timed so as to do maximum damage to Gemperline and anyone associated with him, during an upcoming election.

…

35. The Defendants distributed copies of the Complaint and had other distribute it for them at their behest – often accompanied by defamatory statements.

…

38. Soon after, Defendants in this case, stated publicly on social media, that they (paraphrased) "accomplished their goals" when the subsequent lawsuit (filed in conjunction with the removal petition) was dropped by the petitioners. This despite the fact that the case was dropped,

with prejudice, without settlement or any change in the procedure or actual facts of the case – on the day of trial.

…

44. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

45. Defendants filed a civil lawsuit in this court with the ulterior motive of harming Gemperline's reputation, bankrupting him, intimidating him, and harassing him. Defendants were motivated by personal animus and political differences rather than a desire to effectuate the purpose of section 3.07.

46. Appellee Committee members' Complaint to Remove [Appellant] constitutes an abuse of process because the facts, as state [*sic*] establish: (1) a legal proceeding was set in motion in proper form and with probable cause in the form of the removal Complaint filed with this Court; (2) Defendants perverted the legal process to remove Gemperline to attempt to accomplish an ulterior purpose for which that process was not designed; and (3) Defendants directly damaged Plaintiff Gemperline as a result of the wrongful use of process.

47. R.C. 3.07 sets forth the process to remove a public official, saying, "Any person … who willfully and flagrantly exercises authority or power not authorized by law, refuses or willfully neglects to enforce the law or to perform any official duty imposed upon him by law, or is guilty of gross neglect of duty, gross immorality, drunkenness, misfeasance, malfeasance, or nonfeasance is guilty of misconduct in office."

48. Gemperline denies any wrongdoing that would give rise to removal under section 3.07…

49. Defendants set this process in motion, abused it as a tool for reputational and financial harm, for reasons related to personal animus and/or political differences of opinion. This is an abuse of the section 3.07 process.

50. As a direct and proximate result of Defendants' willful and malicious acts in abusing the civil process of this Court, Plaintiff has suffered economic damages and non-economic damages, including damage to reputation, emotional distress and loss of the enjoyment of life.

(Amended Complaint, ¶22-50).

**{¶24}** The record demonstrates that the amended complaint alleges that the legal process was proper in form and with probable cause; that Appellees attempted to pervert the process in an attempt to accomplish an ulterior purpose for which it was not designed (attempting to influence an election, force Appellant to become a political ally, and attempt to ruin Appellant's reputation and finances), and that Appellant sustained damages as a result of the wrongful use of process. Accordingly, we find the trial court erred in granting Appellee's motion to dismiss for failure to state a claim upon which relief can be granted.

**{¶25}** Appellant's First Assignment of Error is sustained.

## II.

{¶26} In Appellant's Second Assignment of Error, Appellant argues that the trial court erred by granting Appellee's 12(b)(6) Motion to Dismiss on Appellant's intentional infliction of emotional distress claim. We disagree.

{¶27} In order to assert a claim of intentional infliction of emotional distress a plaintiff must allege the following:

(1) [T]he defendant intended to cause, or knew or should have known that his actions would result in serious emotional distress;

(2) [T]he defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community;

(3) [T]he defendant's actions proximately caused psychological injury to the plaintiff; and

(4) [T]he plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure.

*Ashcroft v. Mt. Sinai Med. Ctr.* (1990), 68 Ohio App.3d 359, 366, 588 N.E.2d 280.

{¶28} Again, the notice pleading requirements of Civ.R. 8(A)(1), the plaintiff only needs to plead sufficient, operative facts to support recovery under his claims. *Grossniklaus v. Waltman,* 5th Dist. Holmes No. 09CA15, 2010-Ohio-2937, ¶26 citing *Doe v. Robinson*, 6th Dist. Lucas No. L-07-1051, 2007-Ohio-5746, ¶17. To constitute fair notice, the complaint must allege sufficient underlying facts that relate to and support the

alleged claim, and may not simply state legal conclusions. *See DeVore v. Mut. of Omaha Ins. Co.*, 32 Ohio App.2d 36, 38, 288 N.E.2d 202 (1972).

**{¶29}** In the case *sub judice*, Appellant's Amended Complaint contains unsupported conclusions that as a result of the Appellees' actions, Appellant suffered "severe emotional distress and physical health problems", but does not allege any facts sufficient to show that Appellant's emotional distress and unspecified physical health problems were serious mental anguish of a nature no reasonable person could be expected to endure. These unsupported conclusions of a complaint are not sufficient to withstand a motion to dismiss. *Phelps v. Office of the Attorney General*, 10th Dist. Franklin No. 06AP-751, 2007-Ohio-14, ¶4 citing *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489.

**{¶30}** Accordingly, we find the trial court did not err in granting Appellees' Motion to Dismiss Count 2: Intentional Infliction of Emotional Distress.

**{¶31}** Appellant's Second Assignment of Error is overruled.

**III.**

**{¶32}** In Appellant's Third Assignment of Error, Appellant argues that the trial court erred by granting Appellees' 12(b)(6) Motion to Dismiss on Appellant's defamation claim. We disagree.

**{¶33}** To state a claim for defamation, Appellant must allege:

> (1) a false statement of fact was made about the plaintiff; (2) the statement was defamatory; (3) the statement was published; (4) the plaintiff suffered injury as a proximate result of the publication and (5) the defendant acted with the requisite degree of fault in publishing the statement. *Am.*

*Chem. Soc. v. Leadscope, Inc., 133 Ohio St.3d 366, 2012-Ohio-4193*, 978 N.E.2d 832. A defamatory statement is the unprivileged publication of false and defamatory matter that tends to reflect injuriously on a person's reputation, or exposes a person to 'public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his trade, business, or profession.'" *A & B – Abell Elevator v. Columbus/Cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio St.3d 1, 651 N.E.2d 1283 (1995).

*Jamison v. Galena*, 5th Dist. No. 15 CAE 01 007, 2015-Ohio-2845, 38 N.E.3d 1176, ¶52.

**{¶34}** The United States Supreme Court has held that the United States Constitution requires that a public official may not recover damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with actual malice. *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Actual malice means that the statement was made with knowledge of falsity or a reckless disregard of the truth. *Jacobs v. Frank*, 60 Ohio St.3d 111, 573 N.E.2d 609 (1991). "Reckless disregard" applies when a publisher of defamatory statements acts with a "high degree of awareness of their probable falsity" or when the publisher "in face entertained serious doubts as to the truth of this publication." *Spitzer v. Knapp*, 5th Dist. Delaware No. 19 CAE 01 0006, 2019-Ohio-2770, ¶40 citing *St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed. 262 (1969). Actual malice "must be proven with convincing clarity that defendant was aware of the high probability of falsity." *Jacobs v. Budak,* 11th Dist. Trumbull No. 2007-T-0033, 2008-Ohio-2756, ¶64 quoting *A & B-Abell Elevator Co. v. Columbus/cent. Ohio Bldg. & Constr. Trades Council*, 73 Ohio

St.3d 1, 13, 651 N.E.2d 1283 (1995) citing *Jacobs v. Frank*, 60 Ohio St.3d 111, 118-119, 573 N.E.2d 609 (1991). An Appellant must establish in the complaint that the defendant acted with actual malice in the Appellant's complaint. *Murray v. Chagrin Valley Publishing Co.*, 2014-Ohio-5442, 25 N.E.3d 1111, ¶30 (8th Dist.).

**{¶35}** To qualify as a public official Appellant must "have, or appear to have, substantial responsibility or control over public affairs, and his position must have such apparent importance that the public has an independent interest in the qualifications and performance of the person who holds it, beyond the general public interest in the qualifications and performance of all government employees." *Rosenblatt v. Baer*, 383 U.S. 75, 86 (1966).

**{¶36}** Because this case is an action based on the defamation of a public official, it was not enough for Appellant to show Appellees' statements were false, but was required to show with convincing clarity that Appellees were aware of the high probability of falsity when they published the defamatory statements. However, Appellant's Complaint fails to provide specific facts which show Appellees were aware of the high probability of falsity when they published the defamatory statements. To the contrary, Appellant's Complaint alleges the Appellees' statements were based on his vote to request a proposal to replace the township EMS with the Delaware County EMS and also statements made by another township trustee, Shyra Eichhorn. Further, Appellant only provides a single conclusory allegation, "[t]he statements referred to above were demonstrably false and Defendants knew it." Amended Complaint ¶14. Appellant failed to allege any facts to show Appellees acted with actual malice as required by *New York Times Co. v. Sullivan*.

{¶37} Accordingly, we find the trial court did not err in granting Appellees' Motion to Dismiss Count 3: Defamation.

{¶38} Appellant's Third Assignment of Error is overruled.

{¶39} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part and reversed in part. This matter is remanded for further proceedings consistent with this opinion.

By: Wise, J.

Baldwin, P. J., and

Gwin, J., concur.

JWW/br 0707