DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment issued by the Lucas County Court of Common Pleas which granted a Civ. R. 12(C) motion for judgment on the pleadings and dismissed all claims against appellee. *Page 2 
 {¶ 2} In July 2007, appellant, Jeffrey L. Clemens, filed a 34 page complaint against ten defendants, including federal court agents and appellee, Jane S. Randall, alleging various claims related to a previous criminal case in federal court. Randall represented appellant in probation violation proceedings.
 {¶ 3} All defendants, with the exception of Randall, were dismissed from the suit. Randall filed a Civ. R. 12(C) motion for judgment on the pleadings, which the trial court ultimately granted. The trial court found that appellant had failed to set forth any facts or allegations in support of his claims for false imprisonment, willful infliction of emotional distress, willful negligence, violation of constitutional rights, and professional malpractice. Appellant now appeals that judgment.
 {¶ 4} Pursuant to 6th Dist. Loc. App. R. 12(A), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision. Although appellant lists seven assignments of error, he has argued only the first one, stating that the trial court erred in granting the Civ. R. 12(C) motion as to his claim for false imprisonment.
 {¶ 5} Civ. R. 12(C) states, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." For purposes of a Civ. R. 12(C) motion for judgment on the pleadings, the material allegations of plaintiff's complaint and all reasonable inferences arising therefrom must be accepted as true.Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166. *Page 3 
 {¶ 6} On appeal, the standard of review for a Civ. R. 12(C) motion is the same as the standard of review for a Civ. R. 12(B)(6) Motion.Estate of Heath v. Grange Mutual Casualty Company, 5th Dist. No. 02CAE05023, 2002-Ohio-5494, ¶ 8-9. Appellate review of the dismissal of a complaint based upon a motion for judgment on the pleadings requires an independent review of the complaint to determine if the dismissal was appropriate. Id at ¶ 8. Judgment on the pleadings may be granted where no material factual issue exists and is restricted solely to the allegations contained in those pleadings. Peterson, supra; Nelson v.Pleasant (1991), 73 Ohio App.3d 479, 481.
 {¶ 7} Under the notice pleading requirements of Civ. R. 8(A)(1), the plaintiff only needs to plead sufficient, operative facts to support recovery under his claims. Doe v. Robinson, 6th Dist. No. l-07-1051,2007-Ohio-5746, ¶ 17. Nevertheless, to constitute fair notice, the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions. See DeVore v. Mut. of Omaha Ins. Co. (1972),32 Ohio App.2d 36, 38.
 {¶ 8} Under Ohio common law, "false imprisonment occurs when a person confines another intentionally `without lawful privilege and against his consent within a limited area for any appreciable time, however short.'"Bennett v. Ohio Dept. of Rehab. Corr. (1991), 60 Ohio St.3d 107, 109. Therefore, to prove a claim for false imprisonment in Ohio, a plaintiff must demonstrate that he was intentionally confined without lawful privilege and against his will or consent within a limited area for any appreciable time. *Page 4 See Roberson v. Dept. of Rehab. Corr., 10th Dist. No. 03AP-538,2003-Ohio-6473, ¶ 10, citing Bennett, supra. However, an action for false imprisonment cannot be maintained when the imprisonment is in accordance with the judgment or order of a court, unless it appears such judgment or order is void on its face. Bradley v. Ohio Dept. of Rehab. Corr., 10th Dist. No. 07AP-506, 2007-Ohio-7150, ¶ 10, citingBennett, supra.
 {¶ 9} Our review of the record and the pleadings reveals that at the time related to appellant's claims against Randall, he had been taken into custody pursuant to an alleged probation violation pertaining to a federal case. Appellant's complaint provided 34 pages of "facts" and descriptions of the events leading up to his lawsuit. Some of the facts alleged indicate that appellant disagreed with or did not like the outcome of appellee's actions as his attorney. No facts, however, indicate that Randall was responsible for appellant being taken into custody. Contrary to appellant's suggestion, a request for a continuance while representing a client does not constitute support for a claim of false imprisonment.
 {¶ 10} Appellant's complaint contains many naked legal conclusions, without operative facts to support or relate to his claims. Consequently, the complaint simply did not meet even minimal notice pleading requirements. Therefore, the trial court properly granted appellee's Civ. R. 12(C) motion for judgment on the pleadings as to the false imprisonment claim. *Page 5 
 {¶ 11} In addition, since appellant's brief has failed to set forth any argument in support of his other six assignments of error, and based upon our review of the record, we conclude that the trial court properly granted appellee's Civ. R. 12(C) motion as to appellant's remaining claims.
 {¶ 12} Accordingly, appellant's assignments of error one through seven are not well-taken.
 {¶ 13} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, J., Arlene Singer, J., CONCUR. *Page 1