[Cite as *Stoyer v. Natl. Church Residences Commons at Livingston I & II Mgt.*, 2023-Ohio-4556.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [Donald W. Stoyer, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-192 |
| v. | : | (M.C. No. 2022CVR-39478) |
| NCR CAL II Management, | : | (REGULAR CALENDAR) |
| Defendant-Appellee]. | : | |

D E C I S I O N

Rendered on December 14, 2023

**On brief:** *Donald W. Stoyer*, pro se.  **Argued:** *Donald W. Stoyer.*

APPEAL from the Franklin County Municipal Court

LELAND, J.

{¶ 1} Plaintiff-appellant, Donald W. Stoyer, appeals from a judgment of the Franklin County Municipal Court denying his motion to transfer, overruling his objection to the magistrate's decision, and dismissing his counterclaim against defendant-appellee, National Church Residence Commons at Livingston I & II Management.

**I. Facts and Procedural History**

{¶ 2} On December 2, 2022, appellant filed an application to deposit rent with the clerk of the trial court.  Appellant deposited a rental payment into an escrow account with the trial court on December 2, 2022 and January 4, 2023.

{¶ 3} On December 20, 2022, appellee served appellant with notice to leave the premises on or before January 23, 2023. On December 22, 2022, appellee filed an application for recovery of rent deposited by appellant with the trial court. Appellee contended it was entitled to the rental payments in escrow because appellant failed to

comply with the notice requirement of R.C. 5321.07.  On January 10, 2023, appellant filed a memorandum contra appellee's application. The trial court granted appellee's application for the release of escrow payments on January 23, 2023, finding appellant was not current on rent and was therefore ineligible pursuant to R.C. 5321.07(B) to deposit rental payments with the trial court.  On January 25, 2023, the trial court filed an entry adopting the magistrate's decision. Appellant filed an objection to the magistrate's decision on February 6, 2023.

{¶ 4}   Appellant filed a counterclaim against appellee on January 4, 2023.  In his counterclaim, appellant alleged discrimination on the basis of race, disability, and age, as well as other claims relating to the habitability of his rented apartment.  All told, appellant sought $56,800,000 in monetary damages. Appellee filed an answer to appellant's counterclaim on February 3, 2023, to which appellant filed a reply on February 7, 2023. Also on January 4, 2023, appellant filed a motion to transfer the case to the Franklin County Court of Common Pleas.

{¶ 5}   On February 24, 2023, the trial court entered its decision denying appellant's motion to transfer, dismissing his counterclaim, and overruling his objection to the magistrate's decision.

{¶ 6}   Appellant timely appeals.

## II. Assignments of Error

{¶ 7}   Appellant presents the following four assignments of error for our review:

> [I.] Within the magistrate's trial court **abused its discretion** with hostility toward the **Defendant-Appellant** only on concerns of tactics to prove oppositions **argument** that the rent was or was not current pursuant to **O.R.C. § 5321.07(B)**, when the issues were not addressing the **prima faci evidence** attached to the **counterclaim** of the **government inspection** finding much needed repairs by the Appellee who failed pursuant to **O.R.C. § 5321.07(A)** with more than a thirty (30) days' notice, where Appellant was unfairly denied his right to defend the "**grace period**" within the **lease contract** that is **binding** pursuant to **O.R.C. § 1310.15**, as the magistrate **coerced** this party with his tactical questions?

> [II.] Within the judge's **ORDER** presented as unforgiving **abuse of discretion** concerning this Appellant's "**due process**" and "**equal protections rights**" by changing the

"parties from plaintiff to defendant and defendant to plaintiff," and causing confusion within her **ORDER**. Factual evidence, proves this is a violation to state law concerning **O.R.C. § 5321.09; Cannon Rule 2.2; Local R 3.04,** since our legislators' purpose was to protect Ohio citizens' rights under the Ohio and U.S. Constitution concerning any change without any approval would be a vindictive *misrepresentation* to her ethics or not?

[III.] Within the magistrate's and judge of the trial courts did they severely *abused its discretion* with its overpowering hostility toward this **Defendant-Appellant** by not *sua sponte* considering the "*grace period*" through an act of "injustice in law concerning the time period during which particular rule exceptionally does or does not apply, since through contractual law it does *not* allow it to **partially apply, because both parties rely on current rental payments**." In the event of the *lease contract* depends on this party, otherwise, it *misrepresents* the truth and creates a "*ruse to payment*" where this *lease contract* depends on *payment* or is it *void*?

[IV.] Within the judge's order presented an unforgiving *error* that severely *abused its discretion* by not considering any claims submitted in the *counterclaim* where even specifically many or all claims were based clearly within this party's *motion to transfer*. <u>See</u>: <u>Defendant's Motion to Transfer Entire Action to The Common Pleas Court.</u>, page 3 of 4. After all, within this parties "*motion to transfer*" was to each of the formalities used and not sued, where this judge admits to claims being present, except was not specific to explain why they were not appropriate where it they were not considered is *misrepresentation* or *fraud* unless consideration to *due process law* of being allowed to *amend* said *counterclaim*, which is allowed or not?

(Emphasis sic.) (Sic passim.)

## III. Analysis

{¶ 8} This court has held that "[b]efore a municipal court certifies a case, it should first determine whether, on its face, the counterclaim satisfies the pleading formalities of [Civ.R. 8(A)]." *Tractor Serv. & Supply, Inc. v. Dyke Station Mining Co.*, 10th Dist. No. 81AP-210 (Sept. 3, 1981). Civ.R. 8(A) requires "[a] pleading that sets forth a claim for relief" to "contain (1) a short and plain statement of the claim showing that the party is entitled to

relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." Courts have interpreted this language, finding it requires plaintiffs to plead "sufficient, operative facts" that correspond to the allegations. *Clemens v. Katz*, 6th Dist. No. L-08-1274, 2009-Ohio-1461, ¶ 7, citing *Doe v. Robinson*, 6th Dist. No. L-07-1051, 2007-Ohio-5746, ¶ 17. A pleading must provide information "sufficient to give fair notice of the nature of the action." *Truist Bank v. Eichenberger*, 10th Dist. No. 22AP-334, 2023-Ohio-779, ¶ 51, citing *Ford v. Brooks*, 10th Dist. No. 11AP-664, 2012-Ohio-943, ¶ 13. "[T]o constitute fair notice, the complaint (or counterclaim) must allege sufficient underlying facts that relate to and support the alleged claim; it may not simply state legal conclusions." *Id.*, citing *Montgomery v. Ohio State Univ.*, 10th Dist. No. 11AP-1024, 2012-Ohio-5489, ¶ 20. *See DeVore v. Mut. of Omaha Ins. Co.*, 32 Ohio App.2d 36, 38 (7th Dist.1972).

{¶ 9} Furthermore, courts must construe "[a]ll pleadings" so "as to do substantial justice." Civ.R. 8(F). To that end, courts must construe pleadings "liberally in order that substantive merits of the action may be served." *Boyland v. Giant Eagle*, 10th Dist. No. 17AP-133, 2017-Ohio-7335, ¶ 15, citing *MacDonald v. Bernard*, 1 Ohio St.3d 85 (1982).

{¶ 10} We construe appellant's first, third, and fourth assignments of error as contending the trial court abused its discretion when the trial court examined whether rent was current under R.C. 5321.07(B) rather than addressing the many alleged deficiencies of appellant's housing. The issue before the trial court, however, was not whether appellant's housing was adequately clean or safe; rather, the trial court was obligated to decide whether appellee was entitled to the rental payments held in escrow and whether the case qualified for transfer to the court of common pleas. By statute, a tenant must be current on rent to be eligible to deposit rental payments with the clerk of the municipal court. *See* R.C. 5321.07(B). Once it determined appellant was not current on rent, the trial court then had no choice but to release the rent held in escrow to appellee. We find the trial court did not err in finding appellant was late in paying rent and, further, we find the trial court did not err in ordering the release of the escrow funds to appellee.

{¶ 11} Accordingly, appellant's first, third, and fourth assignments of error are overruled.

{¶ 12} We construe appellant's second assignment of error as arguing the trial court abused its discretion in labeling appellant as "plaintiff" and appellee as "defendant," despite

R.C. 5321.09 seeming to contemplate the landlord acting as plaintiff to retrieve rental payments held in escrow. Although the language of R.C. 5321.09 would tend to result in labels of tenant-defendant and landlord-plaintiff, the statute does not so require. Furthermore, to the extent appellant is concerned with any confusion resulting from these labels, the trial court addressed the matter in a footnote to its decision—the trial court referred to appellant as plaintiff "[f]or the sake of consistency and clarity." We find no prejudice or error in this decision.

{¶ 13} Accordingly, appellant's second assignment of error is overruled.

{¶ 14} Finally, to the extent any of appellant's assignments of error allege the trial court erred in dismissing his counterclaim, denying his motion to transfer, or overruling his objection to the magistrate's decision, we likewise find no error in the trial court's decision. The trial court correctly found appellant failed to properly set forth a claim for relief, even under the permissive standard of Civ.R. 8(A).

{¶ 15} Accordingly, all of appellant's assignments of error are overruled.

## IV. Conclusion

{¶ 16} Having overruled appellant's four assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

LUPER SCHUSTER and BOGGS, JJ., concur.

————————————